UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Luis Lopez Rodriguez, | ) | Case No. 1:04 CV 667 |
| | ) | |
| Petitioner, | ) | Judge Donald C. Nugent |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Julius Wilson, Warden, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Luis Lopez Rodriguez (hereinafter "Rodriguez") was indicted by the January 1996 Term of the Lorain County, Ohio Grand Jury on one count of Trafficking in Marijuana in violation of Ohio Revised Code § 2925.03(A)(10), one count of Aggravated Trafficking in Drugs in violation of O.R.C. § 2925.03(A)(10) and one count of Engaging in a Pattern of Corrupt Activity in violation of O.R.C. § 2923.32(A)(1). Rodriguez initially pled not guilty to the charges in the indictment. However, on June 3, 1996, Rodriguez retracted his prior pleas of not guilty and entered pleas of guilty to the indictments. On October 11, 1996, at the sentencing hearing, Rodriguez informed the court that he wished to withdraw his guilty plea. The court heard statements from both sides and denied the motion to withdraw the guilty plea. Rodriguez was then sentenced to concurrent terms of 2 to 5 years for Trafficking Marijuana, 15 years to Life for Aggravated Trafficking Drugs, and 5 to 25 years for Engaging in a Pattern of Corrupt Activity.

Rodriguez did not file a timely appeal of his October, 11, 1996, conviction. Instead, on February 17, 1998, he filed a counseled notice of appeal and motion for leave to file a delayed appeal in the Lorain County Court of Appeals, Ninth District. (*See* Resp. Ex. 9-10). In his

1:04 CV 0667                                                2

motion, Rodriguez asserted that he lacked legal counsel following his guilty plea and did not know that an appeal was possible under the circumstances.  On March 11, 1998, state appellate court found that Rodriguez failed to set forth sufficient reasons for failing to perfect a timely appeal and dismissed the appeal as untimely. (*See* Resp. Ex. 11).  On April 27, 1998, Rodriguez timely appealed the March 11, 1998 decision to the Ohio Supreme Court.  (*See* Resp. Ex. 12).  The Ohio Supreme Court on July 1, 1998, declined jurisdiction to hear the case.  (*See* Resp. Ex. 17).

Five years later, on September 8, 2003, Rodriguez filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court.  Rodriguez sought to re-appeal the March 11, 1998 state appellate court decision.  (*See* Resp. Ex. 18-19).  The Ohio Supreme Court denied leave and dismissed the appeal on October 15, 2003.  (*See* Resp. Ex. 20).

Rodriguez is now before this federal court on a petition filed on April 8, 2004 seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Rodriguez argues three assignments of error:

> (1) that he had not knowingly and intelligently waived his right of appeal and his right to appointed counsel for the purposes of prosecuting such appeal, as of right;
>
> (2) that he was deprived of the Sixth Amendment right to effective assistance of counsel, when appointed appellate counsel fails to "timely file" a notice of appeal; and
>
> (3) other errors that require a *de novo* ruling to prevent a manifest miscarriage of justice.

1:04 CV 0667                                       3

The Respondent argues the petition should be dismissed without review of its merits due to untimely filing for purposes of 28 U.S.C. §2244(d)(1)(A)'s "1-year period of limitation." It is respondent's position that Rodriguez's petition was untimely because the "1-year period of limitation" had lapsed by September 8, 2003–five years after the Ohio Supreme Court denied his appeal from the Lorain County Court of Appeals. See 28 U.S.C. §2244(d). The limitation period runs from the latest of:

(1) (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by theSupreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that Rodriguez's conviction became final 30 days after he was sentenced on October 11, 1996, giving him until November 10, 1997, to timely file his federal habeas petition. *See* Ohio App. R. 4 (A). Rodriguez failed to file his petition by November 10, 1997. He filed a notice of appeal and motion for delayed appeal in the Ninth District Court of Appeals on February 17, 1998, 464 days after the statute of limitations had run.

1:04 CV 0667                                                          4

Once this "1-year period" has run, it cannot be retriggered or restarted by delayed court review or a proceeding to reopen the appeal under Ohio App. R. 26(B).  See *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *Bronaugh v. Ohio*, 235 F.3d 280, 286-87 (6th Cir. 2001) and *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Smith v. Beightler*, 49 Fed. Appx. 579, 580 (6th Cir. 2002) (subsequent attempt to file delayed appeal had no effect on statute of limitations which had previously expired).

However, Rodriguez raises the arguments at issue in *DiCenzi v. Rose*, that he lacked legal counsel following his guilty plea and was not aware of his right to appeal.  *Id.*, 452 F.3d at 466.  The affidavit presented by Rodriguez from his court-appointed defense attorney, Jack W. Bradley, states that he never counseled Rodriguez about his rights to an appeal since the Rodriguez family was hiring new counsel.  (Bradley Aff. at ¶ 6).  New counsel obviously never filed the contemplated appeal.

It would seem unlikely that Rodriguez had no contemporaneous knowledge of new counsel, as he appears to claim, but even resolving this issue in Rodriguez' favor does not save his petition.[1]

Section 2244(d)(1)(B) provides that the statute of limitations does not begin to run until

---

[1] The decision in *DiCenzi* remanded the case to ascertain conclusively "whether DiCenzi was diligent during the time when he claims to have been unaware of his appeal rights.  *Id.*, 452 F.3d at 466.  *Rodriguez*, though, created circumstances which obviated the necessity for such a conclusive determination.

1:04 CV 0667                                        5

at least: the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filling by such state action.  Rodriguez is correct that an unconstitutional state-created impediment prevented him from filing a timely appeal, *i.e.* the ineffective assistance of defense counsel.  See *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639 (1986).

A lawyer who disregards a specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable and constitutionally ineffective.  See *Waldron v. Jackson*, 348 F.Supp.2d 877, 883 (N.D. Ohio 2004); *Roe v. Flores Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).   Mr. Bradley's alleged failure to pursue the appeal created an impediment for purposes of §2244(d)(1)(B).  According to the Sixth Circuit's unreported decision in *Winkfield*, Section 2244(d)(1)(B) requires a "causal relationship between the unconstitutional state action and being prevented from filing the petition."  *Winkfield v. Bagley*, 66 Fed.Appx. 578, 583 (6th Cir. May 28, 2003).

Here, Rodriguez arguably establishes the causal connection.  As in *Waldron*, "To find [this] petition untimely because he did not more quickly overcome the state-created impediment would necessarily punish him for a constitutional violation by the State." *Id.* at 885.  Section 2244(d)(1)(B) is designed to avoid such incidents by ensuring that a state-created impediment does not prevent the timely filing of a habeas petition.  *Id*.

1:04 CV 0667                                                    6

Accepting Rodriguez' claims as true, the one-year time clock did not commence until the impediment was removed when Rodriguez appealed to the Lorain County Court of Appeals, Ninth District, on February 17, 1998, and the time was tolled through the 90 days following the Ohio Supreme Court's rejection of jurisdiction, until September 28, 1998. *Bronaugh v. Ohio*, 235 F.3d 280, 283 n. 10 (6th Cir. 2000) (assuming that the time is extended, but not deciding); *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (tolling for *certiorari* applies to §2244(d)(2) also). Rodriguez' attempt to re-appeal the case back to the Ohio Supreme Court in 2003 does not retrigger the clock to revive this period of limitation. Once this "1-year period" has run, it cannot be retriggered or restarted by delayed appeal. See *DiCenzi*, 452 F.3d at 468; *Searcy*, 246 F.3d at 519. The filling of a delayed appeal, as Rodriguez did in 2003, does not restart the limitations period. Such a conclusion would substantially render AEDPA's one-year time limit ineffectual. *Waldron*, 348 F.Supp.2d at 883.

### *CONCLUSION AND RECOMMENDATION*

Accordingly under any of these time schemes, the petition is untimely and the motion to dismiss due to untimeliness pursuant to 28 U.S.C. §2244(d) should be granted.

                                                         s/James S. Gallas
                                                    United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the

1:04 CV 0667                                                7

specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: May 24, 2007